IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROSA MARIA MONTES, <br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social <br> Security Administration, <br> Defendant. | § <br> § <br> § <br> § NO. EP-3-17-CV-00236-RFC <br> § <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is **AFFIRMED**.

## PROCEDURAL HISTORY

On February 4, 2014, Plaintiff filed her application for DIB, alleging disability due to impairments that became disabling on August 1, 2013. (R:200)[1] Plaintiff's alleged onset date was later determined to be June 1, 2013. (R:94, 216) The application was denied initially and on reconsideration. (R:121-146) Pursuant to Plaintiff's request, an Administrative Law Judge ("ALJ")

---

[1] Reference to documents filed in this case is designated by "(Doc. [docket entry number(s)]:[page number(s)])". Reference to the record of administrative proceedings filed in this case is designated by "(R:[page number(s)])".

held a hearing to review Plaintiff's application *de novo* on March 23, 2016, at which both Plaintiff and a vocational expert ("VE") testified. (R:91-120) The ALJ issued her decision on May 19, 2016, denying benefits. (R:55-64) Plaintiff's request for review was denied by the Appeals Council on July 7, 2017. (R:1-5)

## ISSUES

Plaintiff presents the following issues for review:

1. Whether the ALJ erred in her evaluation of the treating physician's opinion.

2. Whether the ALJ failed to develop the record.

3. Whether the ALJ erred by failing to obtain a medical advisor's opinion pursuant to SSR 83-20.

4. Whether the ALJ erred by not relying on any physician's opinion in arriving at her RFC determination.

5. Whether the ALJ's finding that Plaintiff can perform other work existing in significant numbers in the national economy is supported by substantial evidence.

(Doc. 14:2-10)

## DISCUSSION

### A. *Standard of Review*

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), *cert. denied*, 514 U.S. 1120 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to

2

support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). It may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision," because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

*B.*     *Evaluation Process*

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a medically determinable impairment that is severe; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents

3

the claimant from performing past relevant work; and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A person's residual functional capacity ("RFC") is what she can still do despite her limitations or impairments. 20 C.F.R. § 404.1545(a); SSR 96-8p.

An individual applying for benefits bears the initial burden of proving that she is disabled for purposes of the Act. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). The claimant bears the burden of proof at the first four steps, and once met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989).

### C. *The ALJ's Hearing Decision*

First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of June 1, 2013, through her date last insured of June 30, 2013. (R:57) At the second step, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine; breast cancer in remission; obesity; and depressive disorder. (*Id.*)

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the listed impairments. (R:58)

Before moving on to step four, the ALJ concluded that, through the last dated insured, Plaintiff had the RFC to perform a reduced amount of sedentary work, that she could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk 2 hours in an 8 hour day, sit for 6 hours in an 8 hour day, and occasionally push and pull and use foot controls. She further found that Plaintiff was able to occasionally climb ramps/stairs, never climb ladders,

4

ropes or scaffolds, occasionally bend, crawl, kneel, stoop, and balance on uneven surfaces. Plaintiff was precluded from exposure to unprotected heights, hazardous materials, moving machinery, vibration, exposure to extremes of heat and cold, open bodies of water and open flames, and commercial driving. Finally, Plaintiff was able to understand, carry out, and remember simple instructions and was limited to simple workplace judgments. (R:59)

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (R:62)

At the fifth step, considering Plaintiff's age, education, work experience, and RFC, as well as VE testimony, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (R:63) Specifically, the ALJ found that Plaintiff could perform the requirements of representative occupations such as that of a lens inserter, a stop attacher, and a polisher of eyeglass frames. (R:63)

The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 1, 2013, the alleged onset date, through June 30, 2013, the date last insured. (*Id.*)

### D. Analysis

#### 1. The ALJ did not err in her evaluation of the treating physician's opinion.

Plaintiff's major issue is that the ALJ failed to give the medical opinions of Plaintiff's treating physician, Dr. Ghiselli, the proper weight. (Doc.14:3-8) On January 13, 2014, Dr. Ghiselli provided a medical source statement ("MSS") wherein he opined that Plaintiff was more limited than determined by the ALJ. (R:361-364) Specifically, he declared that Plaintiff can occasionally lift and/or carry less than 10 pounds and frequently lift and/or carry less than 10 pounds and that she

5

could stand and/or walk less than two hours in an 8-hour workday. (R:361) He asserted that Plaintiff could sit less than 6 hours in an 8-hour workday and that her ability to push or pull was limited. (R:362) He failed to indicate whether this limited ability to push or pull affected her upper or lower extremities. (*Id.*) He felt that her ability to reach in all directions, handle, finger, and feel were limited to doing so occasionally, and that Plaintiff could frequently climb, balance, kneel, crouch, crawl, and stoop. (R:362) Finally, he asserted that Plaintiff's abilities to see and hear were limited. (R:363) Furthermore, on April 4, 2015, Dr. Ghiselli provided a letter that states that:

> This letter is to inform you that Mrs. Rosa Montes DOB July 31, 1964, SS#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 has been under my care Since 2013 and I have been treating her for multiple complications. She suffers from Lumbar Spondylosis (847.2), Radiculopathy (722.10) and a Left Rotator Cuff tear (840.4) and cervical pain (723.1). Mrs. Montes also suffers from Chronic Pain (338.4) and Severe Depression (300.4). Due to her condition Mrs. Montes can't stand or sit for a long period of time, she has to use a walking cane to sustain her balance. Please take this letter into consideration that my patient has a disability and physical restrictions that affect her daily living.

(R:428)

While a treating physician's opinion generally deserves considerable weight, the ALJ is free to assign little or no weight to the opinion of any physician for good cause. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000). Good cause exists where statements are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence. *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005). Otherwise,

> absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2). Additionally, if the ALJ determines that the treating physician's records are inconclusive or otherwise inadequate to receive controlling weight, absent other medical opinion evidence based on personal examination or treatment of the

6

claimant, the ALJ must seek clarification or additional evidence from the treating physician in accordance with 20 C.F.R. § 404.1512(e).

*Newton v. Apfel*, 209 F.3d at 453.

The ALJ gave little weight to the opinions reflected in Dr. Ghisselli's MSS and April 4, 2015 letter. Among other reasons for her conclusion, the ALJ determined that these opinions did not appear to address the relevant time period before the date last insured, and all the limitations, including those on seeing and hearing, were not supported by Plaintiff's treatment notes. (R:61-62) A review of the record shows that substantial evidence supports the ALJ's determination.

Dr. Ghiselli's own treatment notes, dated January 15, 2014, indicate that there is no real history of any serious injury. (R:90) Dr. Ghiselli fails to discuss or cite to any treatment records from the relevant time period to support his contentions. *See* 20 C.F.R. Section 404.1527(d)(3) (supportability is a factor to consider when weighing a treating source's opinion). This Court reviewed the entire record and was unable to find any medically acceptable clinical laboratory diagnostic techniques or observations contained in the medical records that would support Dr. Ghiselli's limitations. In fact, no limitations are referred to in any treatment note written by Dr. Ghiselli. Thus, substantial evidence supports the ALJ's finding.

Moreover, the ALJ properly found that Dr. Ghiselli's opinions did not address the relevant time period before the date last insured. (R:61, 62) His MSS and letter were written well after June of 2013. Neither document refers to the relevant time period. Counsel for Plaintiff conceded at the hearing before the ALJ that the record was complete so there would appear to be no other evidence which refutes the ALJ's finding. (R:119) A claimant who becomes disabled after the expiration of her insured status is not entitled to benefits under Title II of the Act. *Oldham v. Schweiker*, 600 F.2d

7

1078, 1080 (5th Cir. 1981). This also constitutes good cause for giving little weight to Dr. Ghiselli's January 2014 and April 2015 opinions..

Dr. Villareal saw Plaintiff several times between January and September of 2013. As a result of said examinations, Dr. Villareal concluded that Plaintiff's pain was improved by TENS unit and medication. (R:324, 328, 332, 336, 340) Throughout this period, Plaintiff was functional, was able to go out without assistance, and could engage in limited exercise. (R:324-343) This medical opinion evidence controverts the opinions expressed by Dr. Ghiselli. The Court rules that such constitutes reliable medical evidence from an examining physician, and consideration of the six factors referred to in *Newton* and set out in 20 C.F.R. § 404.1527(d)(2)) was not necessary. *See Bullock v. Astrue*, 277 F. App'x 325, 329 (5th Cir. 2007) (per curiam) (not published)(consideration of six factors only necessary absent controverting reliable evidence from a treating or examining physician) It is sufficient that the ALJ provided "good reasons" for the weight given to Dr. Ghiselli's opinions.

The record contains other evidence which contradicts Dr. Ghiselli's opinions. In a Function Report dated March 7, 2014, Plaintiff admitted that she could feed pets, prepare meals, clean laundry, water the grass, dust most of the day, and shop for groceries. (R:250-252) Plaintiff's disability report on February 4, 2014, reveals that a face to face interview was conducted, and that during the interview no deficits with Plaintiff's hearing, seeing, sitting, standing, and walking were noted. (R:217) This also constitutes substantial evidence supporting the ALJ's findings regarding Dr. Ghiselli's opinions inasmuch as it does not support his conclusions.

In summary, the ALJ acted within her discretion when deciding to afford Plaintiff's treating physician little weight. The reasons she provided are in line with the factors the ALJ is charged with considering and provide good cause for her decision.

In a related context, Plaintiff argues that the ALJ erred because she did not re-contact Dr. Ghiselli for clarification or supplementation. (Doc.14:8) When existing medical evidence is inadequate to make an informed disability determination, the ALJ has a duty to develop the record by re-contacting the claimant's medical sources, *inter alia*. Nevertheless, the relevant regulations at the time of the ALJ's decision provided the ALJ with discretion in reaching this matter. 20 C.F.R. § 404.1520(b) (2012). The ALJ evidently resolved that re-contact was unnecessary because the entire record was adequate to determine whether or not Plaintiff was disabled. The Court holds that the ALJ acted within her discretion, and that her decision is supported by substantial evidence. Further, even where the ALJ fails to fully and fairly develop the record, the error will not constitute grounds for remand unless the claimant is able to demonstrate that prejudice resulted, i.e., that had the ALJ done her duty, evidence could and would have been adduced that might have altered the result. *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984). Mere speculation is insufficient to make the requisite showing of prejudice. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000). In the instant case, Plaintiff has neither argued nor presented evidence to demonstrate what additional information would have been revealed had the ALJ obtained additional medical evidence, nor shown how such evidence would have affected the ultimate disability determination. Again, counsel for Plaintiff agreed that the record was complete. (R:119) She has failed to demonstrate that she was prejudiced by the ALJ's failure to further develop the record; thus, she is not entitled to relief on this claim. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000).

2.  **Other issues.**

Although Plaintiff states that she is presenting one issue in her brief, the one relating to the treating physician, she raises several other arguments/issues which will now be addressed. (Doc.14:2, 3) First, Plaintiff argues that the ALJ also failed to develop the record by failing to obtain a medical advisor's opinion with regard to the onset date. (Doc.14:8) She contends that SSR 83-20 provides that when the evidence is ambiguous regarding the possibility that Plaintiff became disabled prior to the expiration of the date last insured, a retroactive inference is necessary and the ALJ is obligated to call upon the assistance of a medical advisor to insure that the determination of the onset date is based on a legitimate medical basis. (*Id.*); *Spellman v. Shalala*, 1 F.3d 357, 361-62 (5th Cir. 1993). Plaintiff's contention lacks merit. To begin with, there is no ambiguity regarding the medical evidence that relates to the onset date. Plaintiff concurred with the June 1, 2013 onset date throughout the hearing. (R:94) All of Plaintiff's presentation was geared to meeting that date. No argument was made regarding any of the medical evidence being ambiguous. Once again, Plaintiff's counsel agreed at the hearing that the record was complete. (R:119) Hence, regardless of whether or not Plaintiff's conditions were considered to be progressive impairments, the lack of ambiguity regarding both the medical evidence and the onset date is clear, and Plaintiff is not entitled to relief on this issue. *Spellman*, 1 F.3d at 363.

Next, Plaintiff argues that the ALJ did not rely on any physician opinions in arriving at her RFC finding. (Doc.14:4) The Court finds that such is not the case. The ALJ considered several physician opinions in arriving at her RFC conclusion, to include those of Dr. Ghisell, Dr. Villareal, and the state agency physicians. (R:61-62) Only after considering all the evidence of record did she arrive at the decision to limit Plaintiff to sedentary work with some limitations. (R:62) She properly

interpreted the medical evidence to determine Plaintiff's capacity for work. *See Fontenot v. Colvin,* 661 F.App'x 274, 277 (5th Cir. 2016). The Court finds that substantial evidence supports the ALJ's RFC assessment even without a medical opinion precisely addressing or corresponding to Plaintiff's RFC. *See Gutierrez v. Banhart,* No. 04-11025, 2005 WL 1994289 at *7 (5th Cir. Aug. 19, 2005). Thus, the Court finds that no reversible error exists with respect to this issue.

Finally, Plaintiff contends that the Commissioner has failed to meet her burden of proof at step five of the sequential evaluation process, and that her decision is not supported by substantial evidence. Unfortunately for Plaintiff, such is not the case. The VE testified in response to a hypothetical question that a person with Plaintiff's vocational profile and RFC could perform the sedentary, unskilled jobs of lens inserter, stop attacher, and eyeglass frame polisher. (R:117) A VE's testimony, based on a properly phrased hypothetical question, constitutes substantial evidence. *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994). Plaintiff was afforded an opportunity to cross-examine to correct deficiencies in the ALJ's question by mentioning or suggesting to the VE any purported defects in the hypothetical questions. *Boyd v. Apfel,* 239 F.3d 698, 706-07 (5th Cir. 2001). She opted not to. (R:115) Hence, the Court finds no error regarding this issue.

## CONCLUSION

The Court concludes that the ALJ's findings are supported by substantial evidence and are free of legal error. Thus, the Court **HEREBY ORDERS** that the decision of the Commissioner be **AFFIRMED** consistent with this opinion.

**SIGNED** and **ENTERED** on January 22, 2018.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE